**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 99-4792

EARL FRITH,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.
                                                                 No. 99-4833

JULIO ROBERTO CASTELLANOS, a/k/a
J.R.,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-91-82-R)

Submitted: July 20, 2000

Decided: August 8, 2000

Before Before WIDENER, MURNAGHAN, and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bradley B. Cavedo, SHUFORD, RUBIN & GIBNEY, P.C., Richmond, Virginia; Joaquin N. Fernandez, Coral Gables, Florida, for Appellants. Robert P. Crouch, Jr., United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Bruce A. Pagel, Assistant United States Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Earl Frith of one count of structuring currency transactions in violation of 31 U.S.C. § 5324(a)(3) (1994), and Julio Roberto Castellanos of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1994), and one count of conspiracy to import cocaine in violation of 21 U.S.C. § 963 (1994). On appeal, Frith contends that: (1) the evidence was insufficient; (2) the Government improperly failed to disclose exculpatory evidence; (3) the late disclosure of discovery material prejudiced his defense; and (4) the judge made improper prejudicial comments about Frith in the presence of the jury. Castellanos contends that the district court erred by not considering sentencing issues beyond this court's instructions on remand. Finding no reversible error, we affirm.

A jury verdict must be upheld if there exists substantial evidence to support it, viewing the evidence in the light most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). An appellate court

2

does not review the jury's decision regarding the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We find that there was substantial evidence to support Frith's conviction for structuring.

We also find that the Government did not withhold exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). Nor did the timing of the Government's disclosure of evidence to Frith warrant a new trial. In addition, we find that the district court did not abuse its discretion by asking Frith questions during his testimony, or by making comments to Frith's counsel.

We find no merit to Castellanos' appeal. This court's remand was for the purpose of determining whether he was eligible for a departure under U.S. Sentencing Guidelines Manual§ 2D1.1 (1997). Thus, the district court did not err by not considering other issues.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED